UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| BRETT STANSBERRY,<br>    Plaintiff, | Case No. 1:22-cv-543<br>Hopkins, J.<br>Litkovitz, M.J. |
| vs. | |
| RAISING CANE'S USA, LLC,<br>    Defendants. | ORDER AND REPORT AND<br>RECOMMENDATION |

Plaintiff Brett Stansberry brings this pro se employment discrimination action against defendant Raising Cane's USA, LLC.[1] (Doc. 3). This matter is before the Court on defendant's motion to dismiss or, in the alternative, to compel arbitration (Doc. 6), plaintiff's response (Doc. 10), and defendant's reply (Doc. 12). Defendant also filed a motion for leave to file this motion *instanter*, as it was filed seven days late (*see* Fed. R. Civ. P. 12(a)(1)(A)(i)), to which plaintiff did not respond. (Doc. 9). Finally, plaintiff filed a motion to submit evidence (Doc. 5), to which defendant did not respond.

**I. Complaint**

Plaintiff's complaint is in narrative form and does not allege discrete claims. Generally, plaintiff alleges "physical & mental" harassment by defendant's employees and managers. (*See* Doc. 3 at PAGEID 26-27). Plaintiff states that various employees of defendant stated that plaintiff "was paranoid and needed to be tested" and that they were going to "verbally and physically harass [plaintiff]" as a means of testing his "(Assumed)" mental disability. (*Id.* at PAGEID 34).[2] As best the Court can discern, the balance of plaintiff's allegations summarize

---

[1] Plaintiff named "Raising Caines," but defendant corrected its name as reflected in this Order and Report and Recommendation. (*Compare* Doc. 3 *with* Doc. 6 at PAGEID 47).
[2] Plaintiff also alleges "discriminatory cell phone rules[,]" but plaintiff provides no other details. *Id.* at PAGEID 34.

general harassment by various employees of defendants, unrelated to any particular characteristic, and his efforts to record that harassment. (*See id.* at PAGEID 35-38).

## II. Motion for leave to file *instanter* (Doc. 9)

A party seeking leave to extend time though a motion after the time has expired must show good cause and excusable neglect. Fed. R. Civ. P. 6(b)(1)(B) ("[T]he court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect."). Excusable neglect is determined through consideration of:

> (1) the danger of prejudice to the nonmoving party, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, (4) whether the delay was within the reasonable control of the moving party, and (5) whether the late-filing party acted in good faith.

*Nafziger v. McDermott Int'l, Inc.*, 467 F.3d 514, 522 (6th Cir. 2006).

Plaintiff did not respond to this motion, and there is no apparent prejudice to plaintiff by granting it—other than having to defend against the underlying motion. Defendant argues that its seven-day delay in filing the underlying motion was an administrative and inadvertent mistake. Defendant also argues that it swiftly sought to correct its mistake and has otherwise conferred in good faith with plaintiff regarding his case.

The Court finds that the *Nafziger* factors weigh in favor of granting defendant's motion, which is consistent with a preference for deciding cases on their merits. *See Shepard Claims Serv. v. William Darrah & Assoc.*, 796 F.2d 190, 193 (6th Cir. 1986) (recognizing the strong preference for trials on the merits in federal courts).

## III. Motion to dismiss or, in the alternative, to compel arbitration (Doc. 6)

Defendant argues that plaintiff's lawsuit was untimely, sets forth "incoherent and conclusory allegations[,]" and is otherwise wholly subject to arbitration based on a Mutual Agreement to Arbitrate Claims (Arbitration Agreement). (Doc. 6 at PAGEID 51-53). In

2

response, plaintiff argues that his complaint was timely, he has evidence that a consulting (but not ultimately retained) attorney has not returned to him, and he believes that arbitration will not be fruitful. Defendant notes in reply that to the extent plaintiff had documentary evidence that is in fact missing, it would not be appropriate for the Court to consider it in the motion-to-dismiss posture when such evidence was not specifically referenced in plaintiff's complaint.

    A. Arbitration

Defendant first argues that even the threshold question of the Arbitration Agreement's enforceability must be committed to arbitration. This Court has held that "[o]nce there is a delegation clause, 'a court possesses no power to decide the arbitrability issue. That is true even if the court thinks that the argument that the arbitration agreement applies to a particular dispute is wholly groundless.'" *De Angelis v. Icon Ent. Grp. Inc.*, 364 F. Supp. 3d 787, 794 (S.D. Ohio 2019) (quoting *Henry Schein, Inc. v. Archer & White Sales, Inc.*, 139 S. Ct. 524, 529 (2019)). The Arbitration Agreement here provides: "the arbitrator, and not any federal, state, or local court or agency, shall have the exclusive authority to resolve any dispute relating to the interpretation, applicability, enforceability or formation of [the Arbitration Agreement]. . . ." (Doc. 6-2 at PAGEID 71). As such, any threshold question regarding the enforceability or applicability of the Arbitration Agreement should be left to the arbitrator.

Even if these threshold questions were left to this Court, it would conclude that the Arbitration Agreement applies to plaintiff's lawsuit. The Federal Arbitration Act (FAA) reflects a "liberal federal policy favoring arbitration agreements." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983) (citing 9 U.S.C. § 2). *See also Epic Sys. Corp. v. Lewis*, 138 S. Ct. 1612, 1621 (2018). The primary goal of the FAA is to "ensur[e] that private agreements to arbitrate are enforced according to their terms." *Volt Info Scis., Inc v. Bd. of Trs.*

*of Leland Stanford Jr. Univ.*, 489 U.S. 468, 479 (1989).  The Supreme Court has emphasized that the FAA "requires courts 'rigorously' to 'enforce arbitration agreements according to their terms, including terms that specify with whom the parties choose to arbitrate their disputes and the rules under which that arbitration will be conducted.'" *Epic Sys. Corp.*, 138 S. Ct. at 1621 (emphasis deleted) (quoting *American Express Co. v. Italian Colors Rest.*, 570 U.S. 228, 233 (2013)).

In reviewing a motion to compel arbitration, courts should "treat the facts as they would in ruling on a summary judgment motion, construing all facts and reasonable inferences that can be drawn therefrom in a light most favorable to the nonmoving party." *Great Am. Ins. Co. v. Gemma Power Sys., LLC*, No. 1:18-cv-213, 2018 WL 6003968, at *2 (S.D. Ohio Nov. 15, 2018) (quoting *Raasch v. NCR Corp.*, 254 F. Supp. 2d 847, 851 (S.D. Ohio 2003)).  In order to defeat a motion to compel arbitration, the nonmovant has the burden to "show a genuine [dispute] of material fact as to the validity of the agreement to arbitrate." *Danley v. Encore Capital Grp., Inc.*, 680 F. App'x 394, 397 (6th Cir. 2017) (quoting *Great Earth Cos. v. Simons*, 288 F.3d 878, 889 (6th Cir. 2002)).

As the Sixth Circuit has explained:

> "Before compelling an unwilling party to arbitrate, the court must engage in a limited review to determine whether the dispute is arbitrable; meaning that a valid agreement to arbitrate exists between the parties and that the specific dispute falls within the substantive scope of that agreement." [*Javitch v. First Union Securities, Inc.*, 315 F.3d 619, 624 (6th Cir. 2003)].  "[A]s a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." [*Moses H. Cone*, 460 U.S. at 24-25].  "[T]here is a general presumption of arbitrability, and any doubts are to be resolved in favor of arbitration 'unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute.'" *Highlands Wellmont Health Network, Inc. v. John Deere Health Plan, Inc.*, 350 F.3d 568, 576-77 (6th Cir. 2003) (quoting *AT & T Techs., Inc. v. Communications Workers of Am.*, 475 U.S. 643, 650, 106 S. Ct. 1415, 89 L. Ed. 2d 648 (1986)).

*Masco Corp. v. Zurich Am. Ins. Co.*, 382 F.3d 624, 627 (6th Cir. 2004)). In determining the enforceability of an arbitration agreement, courts apply state law of contract formation. *Richmond Health Facilities v. Nichols*, 811 F.3d 192, 195 (6th Cir. 2016) ("[I]n determining the enforceability of an arbitration agreement, we apply state law of contract formation." (citation omitted)). Under Ohio law, the elements of a valid contract include an offer, acceptance, mutual assent, and consideration. *Kostelnik v. Helper*, 770 N.E.2d 58, 61 (Ohio 2002).

Based on this authority, the first question is whether a valid agreement to arbitrate exists between the parties. *Javitch*, 315 F.3d at 624. Under Ohio law, contract formation occurs when the parties "objectively manifest an intent to be bound." *Jones v. U-Haul Co. of Mass. & Ohio Inc.*, 16 F. Supp. 3d 922, 933 (S.D. Ohio 2014) (citing *McSweeney v. Jackson*, 691 N.E.2d 303, 308 (Ohio Ct. App. 1996)).

Defendant has submitted the declaration of its Manager of Crew Systems and Reporting (Doc. 6-2 at PAGEID 68-69), Ashley Wynn, who authenticated its Arbitration Agreement (*id.* at PAGEID 71-74) and plaintiff's electronic acknowledgement and acceptance thereof on February 25, 2022 (*id.* at PAGEID 79). Courts within the Sixth Circuit have held that employee acknowledgments of arbitration agreements executed electronically are binding and enforceable. *See Nealey v. Heritage Oaks Mgmt. Enters. USA, LLC*, No. 2:18-cv-1759, 2020 WL 2507332, at *3-4 (S.D. Ohio May 15, 2020) (employee's electronic acknowledgment was valid and binding); *Gragston v. Coca-Cola Refreshments*, No. 1:14-cv-986, 2015 WL 4999260, at *4-5 (S.D. Ohio July 27, 2015) (same), *report and recommendation adopted*, 2015 WL 4985087 (S.D. Ohio Aug. 21, 2015). Moreover, electronic signatures are binding under Ohio law. *Jones*, 16 F. Supp. 3d at 934-95 (citing Ohio Rev. Code § 1306.06). There is also no indication that the parties did not mutually assent to the terms of the Arbitration Agreement, and an employer's agreement to offer

continued employment and "be bound to arbitrate all matters arising out of the very employment-related disputes which it expects to arbitrate" is sufficient consideration for an arbitration agreement under Ohio law. *See Raasch*, 254 F. Supp. 2d at 864. Plaintiff does not challenge the enforceability of the Arbitration Agreement, and the Court finds that the Arbitration Agreement is valid and binding.

The second question is whether plaintiff's claims in this lawsuit fall within the scope of the arbitration agreement. *Javitch*, 315 F.3d at 624. "If the matter at issue can be construed as within the scope of the arbitration agreement, it should be so construed unless the matter is expressly exempted from arbitration by the contract terms." *Jones*, 16 F. Supp. 3d at 942 (quoting S*imon v. Pfizer, Inc.*, 398 F.3d 765, 773 n.12 (6th Cir. 2005)). "[A]ny doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Id.* (quoting M*oses H. Cone*, 460 U.S at 24-25). As best the Court can determine, plaintiff's complaint asserts claims based on disability discrimination and related harassment. Ambiguous as they may be, plaintiff's claims unquestionably fall within the scope of the Arbitration Agreement acknowledged by plaintiff:

> The Agreement specifically covers, without limitation*, claims under* Title VII of the Civil Rights Act of 1964, the Fair Credit Reporting Act, 42 U.S.C. § 1981*, the Americans With Disabilities Act*, the Age Discrimination in Employment Act, the Family Medical Leave Act, the Fair Labor Standards Act, the Equal Pay Act, the Genetic Information Non-Discrimination Act, the California Consumer Privacy Act, and *state or local statutes, if any, addressing the same or similar subjects, and any and all claims for violation of any federal, state or other governmental law, statute, regulation or ordinance* (including, without limitation, torts and post-employment defamation or retaliation).

(Doc. 6-2 at PAGEID 71 (emphasis added)). *Cf. Kelch v. Pyramid Hotel Grp.*, No. 1:18-cv-707, 2020 WL 489237, at *3 (S.D. Ohio Jan. 30, 2020) (ADA claims are arbitrable).

6

Finally, the Court must determine if this matter should be stayed pending arbitration proceedings or dismissed. The FAA requires that a court, "upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement. . . ." 9 U.S.C. § 3. Nevertheless, dismissal, rather than a stay of proceedings, is proper where all remaining claims are arbitrable. *Ozormoor v. T-Mobile USA, Inc.*, 354 F. App'x 972, 975 (6th Cir. 2009) ("[Appellant] challenges the dismissal of his suit, asserting that 9 U.S.C. § 3 requires district courts to stay suits pending arbitration rather than dismiss them. We have already rejected that argument.").

The Arbitration Agreement is enforceable, and plaintiff's complaint asserts claims that are within its scope. Dismissal, rather than a stay of proceedings pending the conclusion of arbitration, is therefore appropriate. *See Napier v. W. Chester Hosp., LLC*, No. 1:18-cv-234, 2019 WL 1317859, at *3 (S.D. Ohio Mar. 22, 2019) ("The Court is within its discretion to dismiss a case where all claims are subject to arbitration.").

"[M]ost district courts in this circuit agree that the best procedure for enforcing arbitration agreements is to dismiss the court action without prejudice." *MEL-TINA, Ltd. v. Ascent Res. - Utica, LLC*, No. 2:20-cv-3682, 2020 WL 5300959, at *2 (S.D. Ohio Sept. 4, 2020) (quoting *Morgan v. United Healthcare Servs.*, No. 1:12-cv-676, 2013 WL 1828940, at *5 (S.D. Ohio Apr. 30, 2013)). Defendant, however, seeks a dismissal with prejudice. (*See* Doc. 6 at PAGEID 47, 66). Given that plaintiff is proceeding pro se, the Court in its discretion declines to dismiss plaintiff's case with prejudice. *See Black v. Bank of New York Mellon*, No. 1:21-cv-59, 2022 WL 17591835, at *1 (S.D. Ohio Dec. 12, 2022) (noting that whether to dismiss with or

without prejudice is a matter of discretion, and holding that the plaintiff's pro se status weighed in favor of dismissal without prejudice).

B. Motion to dismiss

Because the Court has determined that defendant's motion to compel arbitration should be granted and this case should be dismissed without prejudice pending the conclusion of arbitration, defendant's alternate motion to dismiss under Fed. R. Civ. P. 12(b)(6) (Doc. 6) should be **DENIED as MOOT**. *See Henry Schein, Inc.*, 139 S. Ct. at 529 ("We have held that a court may not rule on the potential merits of the underlying claim that is assigned by contract to an arbitrator, even if it appears to the court to be frivolous.") (citation and internal quotation marks omitted).

IV. **Conclusion**

Based on the foregoing, it is **ORDERED** that:

1. Plaintiff's motion for leave to file *instanter* (Doc. 9) is **GRANTED**.
2. Plaintiff's motion to submit evidence (Doc. 5) is **DENIED as MOOT**.

It is **RECOMMENDED** that:

1. Defendant's motion to dismiss or, in the alternative, to compel arbitration (Doc. 6) be **GRANTED** as to the motion compel arbitration and this case be **DISMISSED** without prejudice from the docket of this Court.
2. The Court certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny plaintiff leave to appeal *in forma pauperis*. Plaintiff remains free to apply to proceed *in forma pauperis* in the Court of Appeals. *See Callihan*

*v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999), overruling in part *Floyd v. United States Postal Serv.,* 105 F.3d 274, 277 (6th Cir. 1997).

Date: 12/27/2022

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

BRETT STANSBERRY,  
    Plaintiff,

vs.

RAISING CANE'S USA, LLC,  
    Defendants.

Case No. 1:22-cv-543  
Hopkins, J.  
Litkovitz, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).