UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

BRETT STANSBERRY,

*Plaintiff*,

v.

RAISING CANE'S USA, LLC,

*Defendant*.

Case No. 1:22-cv-543-JPH-KLL

Judge Jeffery P. Hopkins

## ORDER ADOPTING REPORT AND RECOMMENDATION

This matter is before the Court on the Report and Recommendation issued by Magistrate Judge Karen L. Litkovitz on December 27, 2022 (Doc. 15), which recommends that the Court grant Defendant's motion to compel arbitration (Doc. 6) and dismiss this case without prejudice. Plaintiff has filed an objection to the Report and Recommendation (Doc. 16), Defendant has responded (Doc. 17), and Plaintiff has filed a reply (Doc. 18). For the reasons stated below, the Court finds that Plaintiff's objections should be overruled, the Report and Recommendation should be adopted, and this case should be dismissed.

A district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b)(3). General or unspecific objections are treated the same as a failure to object. *See Slater v. Potter*, 28 F. App'x 512, 513 (6th Cir. 2002) ("The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object."); *Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

Plaintiff brought this employment discrimination action against Raising Cane's, a restaurant chain at which Plaintiff had been briefly employed sometime in early 2022. Plaintiff's complaint alleges verbal and physical harassment by employees and managers, perhaps at the direction of the police. *See* Doc. 3 at PageID 34. Defendant filed a motion to dismiss for failure to state a claim or, in the alternative, to compel arbitration (Doc. 6) (the "Motion"). The Magistrate Judge found that the Arbitration Agreement contained a delegation clause (that is, an agreement that the arbitrator—not the courts—would determine the threshold issues of arbitration such as enforceability and applicability), *see De Angelis v. Icon Ent. Grp. Inc.*, 364 F. Supp. 3d 787, 792–93 (S.D. Ohio 2019), but in any event, the Court would find the Arbitration Agreement enforceable and applicable to Plaintiff's claims.

In addition to restating many of the allegations in his initial complaint, Plaintiff argues in his objection and reply brief that the Arbitration Agreement "does not cover nonemployee related harassment that occurred in the dining room," that his "Police Misconduct and/or Police harassment charges . . . have nothing to do with Arbitration," and that the Arbitration Agreement specifically excludes EEOC related charges. Doc. 16 at PageID 161; Doc. 18 at PageID 168. Plaintiff also asserts that the burden was on Raising Cane's to initiate arbitration as it was aware of his complaints.

The Court has carefully reviewed the comprehensive findings and conclusions of the Magistrate Judge and has considered *de novo* all the filings in this case, with particular attention to the issues as to which Plaintiff has lodged an objection—specifically, the scope of the Arbitration Agreement. Having done so, the Court determines that the Magistrate Judge's Report and Recommendation should be adopted. As the Report and Recommendation finds, the Arbitration Agreement had a delegation clause, which Plaintiff does not dispute, and

therefore the Court "possesses no power to decide the arbitrability issue." *De Angelis*, 364 F. Supp. 3d at 794 (quoting *Henry Schein, Inc. v. Archer & White Sales, Inc.*, 139 S. Ct. 524, 529 (2019)). But even if it did have such power, the Court would agree with the Magistrate Judge's finding that the Arbitration Agreement covers the claims here. Although the agreement explicitly excludes "making a report to or filing a claim or charge with . . . the Equal Employment Opportunity Commission," it specifically *includes* discrimination and harassment claims, such as those that would arise under Title VII and the Americans with Disabilities Act. Doc. 6-2 at PageID 71–72. Nothing in Plaintiff's objections changes this Court's determination that the Magistrate Judge reached the correct decision.

Accordingly, it is hereby **ORDERED** that Plaintiff's objections are **OVERRULED**, that the Report and Recommendation is **ADOPTED** in its entirety, that the Motion is **GRANTED** to the extent it seeks to compel arbitration, and that the Complaint is therefore **DISMISSED** without prejudice. For the reasons stated in the Report and Recommendation and pursuant to 28 U.S.C. § 1915(a)(3), the Court certifies that an appeal of this Order would not be taken in good faith. The Court accordingly **DENIES** Plaintiff leave to appeal *in forma pauperis*. In accordance with Fed. R. App. P. 24(a)(5), Plaintiff remains free to file a motion for leave to proceed on appeal *in forma pauperis* in the Sixth Circuit Court of Appeals. *Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999).

    **IT IS SO ORDERED.**

Dated: September 22, 2023

Hon. Jeffery P. Hopkins
United States District Judge